IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOMINIC JOSEPH ABBOTT,<br>          Plaintiff, | )<br>)<br>) |
| vs. | ) Civil Action No. 11-297<br>) U.S. District Judge Nora Barry Fischer |
| PENNSYLVANIA DEPARTMENT OF CORRECITONS, SCI GRATERFORD, FEDERAL COMMUNICATIONS COMMISSION, ALLEGHENY COUNTY SHERIFFS, PENNSYLVANIA STATE POLICE, U.S. ARMY, CLERKS OFFICE UNITED STATES DISTRICT COURT, ALLEGHENY COUNTY DISTRICT ATTORNEY, BUTLER COUNTY DISTRICT ATTORNEY,<br>          Defendants. | ) Magistrate Judge Maureen P. Kelly<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

REPORT AND RECOMMENDATION

I.     Recommendation

It is respectfully recommended that the above-captioned case be dismissed for failure to prosecute.

II.    Report

The plaintiff, Dominic Joseph Abbott, initiated this action by submitting a "Motion for Restraining Order Compelling the Listed Names of Defendants to Protect an Active Capital Calculus Degree Date from Rate Rape (Identity Theft)." See [ECF No.1]. The motion was not accompanied by either a Motion to Proceed In Forma Pauperis or the requisite filing fee. As such, on September 2, 2011, the Court issued an Order advising Plaintiff of his failure to submit a Motion to Proceed In Forma Pauperis, which should include a certificate of an authorized officer as to the amount of money and securities on deposit in Plaintiff's prison account, or a proper affidavit of non-compliance. Plaintiff was also advised that, in the alternative, he could

pay the $350.00 filing fee and that he had also failed to complete and file the selection form indicating whether he consents to have a U.S. Magistrate Judge preside over the case. [ECF No. 3].

On October 20, 2011, having failed to receive the requisite paperwork or any other communication from Plaintiff the Court issued an Order to Show Cause, returnable by November 3, 2011, directing Plaintiff to show cause why the case should not be dismissed for failure to prosecute. [ECF No. 4]. To date, Plaintiff has failed to respond or provide the Court with any of the documents necessary for his case to proceed, or given any other indication that he wishes to proceed with this action.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the Court. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the Court must consider six factors. These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

> (1) The extent of the party's personal responsibility.
>
> (2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.
>
> (3) A history of dilatoriness.
>
> (4) Whether the conduct of the party or the attorney was willful or in bad faith.
>
> (5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.
>
> (6) The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to Plaintiff's failure to comply with this Court's Orders which weigh heavily against him. Plaintiff's failure to respond to two Court orders and his failure to

provide the documents required to prosecute his case was not only solely his personal responsibility but his failure to do so even now -- ten weeks later -- appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by Plaintiff's failure to comply with this Court's Orders -- there appears to be no prejudice to Defendants as they have not yet been served with the Complaint. Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against Plaintiff, although it does not appear from the document submitted by Plaintiff that he has stated a claim upon which relief can be granted. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since Plaintiff is incarcerated and has failed to submit the $350.00 filing fee, it does not appear that monetary sanctions are appropriate. Moreover, his failure to respond to two Court Orders or submit the paperwork required in order for his case to proceed, it appears that Plaintiff has no serious interest in pursuing this case. Therefore, dismissal is the most appropriate action for this Court to take, and it is respectfully recommended that the complaint in the above-captioned case be dismissed since no other sanctions will serve justice. Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, Plaintiff is permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections will constitute a waiver of any appellate rights. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Respectfully submitted,

<u>/s/ Maureen P. Kelly</u>
United States Magistrate Judge

Dated: 10 November, 2011

cc: Dominic Joseph Abbott
     GB-5800
     SCI Graterford
     Box 244
     Graterford, PA 19426-0244